JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Michael DiGiulio | |
| Leah M. Seliger | |

June 27, 2023

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2013
New York, NY 10007

    Re: *Ortega v. Trident Restoration Inc., et al.,*
       **No.: 23-cv-1927 (KPF)**

Dear Judge Faila,

  We represent Named Plaintiffs Angel Ortega and Jorge Navarro, as well as ten Opt-In Plaintiffs in the above-referenced matter, which is a putative class/collective action brought pursuant to the Fair Labor Standards Act and New York Labor Law. We write in connection with Plaintiffs' unsuccessful efforts to meet and confer with Defendants regarding pre-mediation discovery and production and to respectfully request an adjournment of the court-annexed mediation until after the resolution of class certification motion practice.

  This action alleges minimum wage and overtime violations under the FLSA and NYLL against Defendant Trident Restoration, Inc. and a number of other associated entities. It is brought on behalf of a putative FLSA collective and a putative NYLL class. *See generally* ECF No. 1 (Compl.) Defendants answered the Complaint on May 27, 2023. *See* ECF No. 39. This Court referred the matter to mediation under the pilot mediation program for cases that include FLSA claims. *See* ECF No. 37. The mediator has been assigned, and the mediation is currently scheduled to take place on July 19, 2023.[1]

  Since June 1, 2023, the undersigned has been attempting to contact counsel for Defendants to schedule a meet and confer regarding the scope of discovery and pre-mediation production as required by this Court's mediation referral order. Among the issues Plaintiffs wished to discuss are whether Defendants will agree to produce class-wide data consisting of time and payroll records prior to the mediation. Despite emailing Defendants' counsel on three occasions and calling his office, the undersigned has received no response.

---

[1] The docket entry for the scheduling of the mediation conference incorrectly states the mediation was scheduled for June 19, 2023. *See* ECF entry at 6/12/2023.

Plaintiffs cannot hold a fruitful mediation without communicating with Defendants beforehand. Moreover, because Plaintiffs have been unable to ascertain whether Defendants will agree to produce class-wide data prior the mediation, Plaintiffs respectfully request that the Court (1) adjourn the court-annexed mediation until after Plaintiffs' class certification motion is resolved; and (2) permit Plaintiffs to conduct precertification discovery of class-wide wage and hour and compensation documents. *See, e.g.*, *Pagan v. C.I. Lobster Corp.*, 2021 U.S. Dist. LEXIS 177587, at *5 (S.D.N.Y. Sept. 17, 2021) (because of the "rigorous analysis" required for successful certification of a class, "precertification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate' in light of the requirements set out in Rule 23); *id.* at *6 (holding that a plaintiff was entitled to "wage-and-hour and compensation-related documents . . . for all members of [a NYLL class] . . . because that information would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23" (cleaned up)); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 474, 490, 492 (S.D.N.Y. 2016) (ordering precertification discovery of class-wide wage and hour documents for the same reasons).

We thank the Court for its attention to this matter.

Regards,

_/s/Lucas C. Buzzard_
Lucas C. Buzzard