## JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Michael DiGiulio | |
| Leah M. Seliger | |

August 2, 2023

**VIA ECF**

Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     *Re:* *Ortega v. Trident Restoration Inc., et al.,*
       **No.: 23-cv-1927 (JGLC)**

Dear Judge Clark,

  We represent Named Plaintiffs Angel Ortega and Jorge Navarro, as well as ten Opt-In Plaintiffs in the above-referenced matter, which is a putative class/collective action brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). We write in response to the letter filed by Defendants' counsel on July 28, 2023 (ECF No. 54) and to respectfully renew Plaintiffs' requests to (1) adjourn the court-annexed mediation in this matter until after the resolution of class certification motion practice and (2) permission to conduct pre class certification discovery of class-wide compensation data.

  By way of background, this action alleges minimum wage and overtime violations under the FLSA and NYLL against Defendant Trident Restoration, Inc. and a number of other associated entities. It is brought on behalf of a putative FLSA collective and a putative NYLL class. *See generally* ECF No. 1 (Compl.) Defendants answered the Complaint on May 27, 2023. *See* ECF No. 39. That same month, the Court referred the matter to mediation under the pilot mediation program for cases that include FLSA claims. *See* ECF No. 37.

  As set forth in Plaintiffs' letter-motion dated June 27, 2023, the undersigned attempted on numerous occasions in June to contact Defendants' counsel to discuss the scope of discovery and pre-mediation production as required by this Court's mediation referral order. *See* ECF No. 50. After those attempts were unsuccessful, Plaintiffs moved for (1) an adjournment of the mediation until after the completion of class certification practice, and (2) permission to conduct precertification discovery of class-wide wage and hour compensation documents. *See id.* Judge Failla ordered Defendants to respond to Plaintiffs' letter motion by July 7, which they failed to do. *See* ECF Nos. 51, 52. This prompted Judge Failla on July 12 to order Defendants to show cause

why the Court should not enter a default against them. *See* ECF No. 53. Judge Failla did not rule on Plaintiffs' requests to adjourn the mediation and for precertification discovery.[1] *See id.*

Whatever the decision on a default against Defendants, the Court should adjourn the mediation and permit Plaintiffs to conduct precertification discovery of class-wide compensation documents. Defendants assert that courts are "against" precertification discovery, relying on a 1967 decision denying discovery of class-wide records in a securities fraud action. *See* ECF No. 54 at 2 (citing *Crabtree v Hayden Stone, Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967)). But as set forth in Plaintiffs' original letter motion, more contemporary decisions demonstrate that courts in this District routinely order precertification discovery of class-wide compensation data in wage and hour class actions such as this. *E.g.*, *Hegazy v. Halal Guys, Inc.*, 2023 U.S. Dist. LEXIS 117112, at *9-12 (S.D.N.Y. July 7, 2023) (citing cases and explaining that "[c]ourts frequently permit pre-certification discovery of . . . compensation and hour documents on the basis that such materials are relevant to class certification of wage and hour claims"); *Pagan v. C.I. Lobster Corp.*, 2021 U.S. Dist. LEXIS 177587, at *5-6 (S.D.N.Y. Sept. 17, 2021) (holding that a plaintiff was entitled to "wage-and-hour and compensation-related documents . . . for all members of [a NYLL class] . . . because that information would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23" (cleaned up)); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 474, 490, 492 (S.D.N.Y. 2016) (ordering precertification discovery of class-wide wage and hour documents for the same reasons). Indeed, the very reason for permitting such pre-certification discovery is the "rigorous analysis" the Supreme Court has instructed courts to conduct before determining that the Rule 23 class certification requirements have been met. *See Pagan*, 2021 U.S. Dist. LEXIS 177587, at *5-6 (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Here, Plaintiffs' Complaint alleges that Defendants—who consist of numerous interconnected corporations and LLCs—operated a common practice of, *inter alia*, failing to pay putative class members for all regular and overtime hours worked. *See* ECF No. 1 (Compl.) ¶ 53. Plaintiffs are entitled to pre-certification discovery of compensation and time records to obtain information that would support this commonality determination, as well as the other Rule 23 requirements (typicality, numerosity, and ascertainability). The Court should grant Plaintiffs' request for pre-certification discovery of class-wide compensation and time records.[2]

Finally, and in the alternative, if the Court decides not to order class-wide pre-certification discovery at this juncture, it should still permit Plaintiffs to begin discovery as to the named and opt-in Plaintiffs. It has now been over two months since Defendants filed their Answer and rescheduling the mediation now without allowing discovery to begin (if Defendants are not held

---

[1] Although the mediation in this matter was originally scheduled for July 19, following entry of Judge Failla's July 12 Order to Show Cause, the court-assigned mediator adjourned the mediation date *sine die*, *See* ECF entry at 7/13/2023.

[2] To be sure, if this Court holds Defendants in default, Plaintiffs would still be entitled to class discovery on the issues of class certification and damages. As a number of courts in this Circuit have observed, denying plaintiffs "the opportunity to pursue class action discovery in the face of a default creates the risk that a defendant might strategically default to avoid class certification." *Thomas v. Omni Credit Servs.*, 2013 U.S. Dist. LEXIS 132244, at *5-6 (E.D.N.Y. Mar. 13, 2013) (permitting class discovery after default); *Hancock v. HF Holdings, Inc.*, 2021 U.S. Dist. LEXIS 101660, at *2-3 (S.D.N.Y. May 28, 2021) (same).

in default) will only further delay these proceedings. Moreover, discovery is essential because Plaintiffs intend to move for conditional certification of an FLSA collective as soon as is practicable to safeguard the FLSA claims of putative collective members, as to whom the FLSA's statute of limitations continues to run until they consent to join the action. *See, e.g.*, *Wang v. Kirin Transp., Inc.*, 2022 U.S. Dist. LEXIS 3599, at *33 (E.D.N.Y. Jan. 7, 2022).

Accordingly, for the above reasons, the Court should (1) adjourn the court-annexed mediation until after the resolution of class certification practice and (2) permit Plaintiffs to serve to conduct pre-certification discovery of class-wide compensation and time records. In the alternative, the Court should permit the parties to immediately begin discovery as to the named and opt-in Plaintiffs.

We thank the Court for its attention to this matter.

Regards,

*/s/Lucas C. Buzzard*
Lucas C. Buzzard