JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Michael DiGiulio
Leah M. Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

November 21, 2023

**VIA ECF**

Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

***Re: Ortega v. Trident Restoration Inc., et al.,***
**No.: 23-cv-1927 (JGLC)**

Dear Judge Clark,

We represent Plaintiffs in the above-referenced matter. We write to raise a discovery dispute pursuant to Rule 4.k. of the Court's Individual Rules and Practices in Civil Cases. The undersigned and counsel for Defendants, Mitchell Segal, met and conferred about the below dispute at approximately 7:00p.m. on November 15, 2023 for approximately ten minutes. On November 17, 2023, I sent Mr. Segal a draft joint letter containing Plaintiffs' position as to the dispute. *See* Ex. A (Email). To date, Mr. Segal has not returned the letter with Defendants' position. Accordingly, pursuant to Rule 4.k, Plaintiffs submit this letter without Defendants' contribution.

Plaintiffs seek an order: (1) compelling Defendants to (a) produce all documents responsive to Plaintiffs' First Request for the Production of Documents and (b) serve responses to Plaintiffs' First Set of Interrogatories served on each Corporate Defendant in this matter (20 in all); and (2) finding that Defendants have waived any objections to Plaintiffs' document requests and interrogatories by failing to serve such objections within the time provided by Fed. R. Civ. P. 33(b)(2) and 34(b)(2).

By order entered on August 3, 2023, this Court granted Plaintiffs' request for pre-certification class-wide wage and hour discovery. *See* ECF Dkt No. 56 (Order) at 2-3. On September 29, 2023, Plaintiffs served Defendants with: (1) Plaintiffs' First Request for the Production of Documents, in which Plaintiffs sought production of wage and hour documents for all class members; and (2) twenty sets of interrogatories, one addressed to each Corporate Defendant in this matter. *See* Exs. B (Document Requests), C (Sample Set of Interrogatories). The document requests and all interrogatories clearly indicated that Defendants were required to serve written responses and produce the requested documents within 30 days of service. *See id.* On October 31, 2023, having not received any responses or request for an extension of time, Plaintiffs' counsel emailed Mr. Segal and asked him to serve Defendants' responses and production by

November 3, 2023. Mr. Segal responded that day, stating that he was out sick but his client was "compiling the information" and Plaintiffs should receive "everything . . . sometime next week."

On November 9, 2023, Plaintiffs' counsel received an email from Mr. Segal that Plaintiffs would have the responses "tomorrow." On November 14, still having received nothing from Mr. Segal, Plaintiffs' counsel emailed him to set up a meet and confer per this Court's individual rules and to inform him that we were preparing a joint letter to raise a dispute about Defendants' failure to produce discovery. On November 15, Plaintiffs' counsel and Mr. Segal met and conferred telephonically. During the conversation, Mr. Segal assured Plaintiffs' counsel that the production would be received the following day.

On November 17, having not received any of the promised production, Plaintiffs' counsel sent Mr. Segal a draft joint letter raising a dispute about Defendants' failure to respond or produce any documents, asking Mr. Segal to provide Defendants' contribution by November 20, 2023. *See* Ex. A (Email). On November 21, without responding to Plaintiffs' request to provide Defendants' contribution to the letter, Mr. Segal emailed Plaintiffs' counsel approximately 700 bates-stamped pages that appear to be certain payroll and time records for only two class members – Named Plaintiffs Angel Ortega and Jorge Navarro. To date, Defendants have not served any responses or objections to Plaintiffs' document requests or interrogatories.

This Court should compel Defendants to produce all outstanding class-wide documents responsive to Plaintiffs' document requests and all responses to Plaintiffs' interrogatories by a date certain no later than November 28. Under Rules 33 and 34 of the Federal Rules of Civil Procedure, parties must respond and/or object to document requests and interrogatories within 30 days of service. Fed. R. Civ. P. 33(b)(2) and 34(b)(2). Pursuant to Fed. R. Civ. P. 37(a)(3)(B), the party seeking discovery 'may move for an order compelling an answer . . . [or] production." In addition, "[i]t is well settled that a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 2023 U.S. Dist. LEXIS 23983, at *7-8 (E.D.N.Y. Feb. 10, 2023) (cleaned up and citing numerous cases from courts in this Circuit).

Here, Defendants' responses to Plaintiffs' discovery requests were due on Monday, October 30, 2023, thirty days after the requests were served on September 29. As of the date of this letter, no responses or objections have been received, and Defendants have produced some records for only two class members. Accordingly, Defendants should be compelled to produce all the requested documents and information and the Court should find that Defendants have waived any objections to Plaintiffs' document requests and interrogatories.

We thank the Court for its attention to this matter.

Regards,

*_/s/Lucas C. Buzzard_________*
Lucas C. Buzzard