## Joseph & Kirschenbaum LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Michael DiGiulio | |
| Leah M. Seliger | |

December 15, 2023



**VIA ECF**

Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      *Re:*    *Ortega v. Trident Restoration Inc., et al.,*
            **No.: 23-cv-1927 (JGLC)**

Dear Judge Clark,

      We represent Named Plaintiffs Angel Ortega and Jorge Navarro, as well as ten Plaintiffs who have opted-in to this lawsuit by filing consents to sue under the Fair Labor Standards Act ("FLSA"). We write to respectfully inform the Court that Defendants have failed to fully comply with this Court's Order dated November 28, 2023 (ECF No. 65) and to seek the imposition of sanctions pursuant to Fed. R. Civ. P. 37(b) for Defendants' noncompliance.

      As set forth in Plaintiffs' November 21, 2023 letter (ECF No. 62), this Court granted Plaintiffs' request for pre-certification class-wide wage and hour discovery by Order entered on August 3, 2023. *See* ECF Dkt No. 56 (Order) at 2-3. Plaintiff served discovery requests on Defendants on September 29, 2023, seeking discovery of class-wide wage and hour documents, as well as documents and information concerning (a) the relationship(s) between the various entity Defendants, and (b) the roles and responsibilities of the several individual Defendants. *See* Exs. A (Document Requests), B (Sample Set of Interrogatories). Defendants' responses were due by October 30, 2023. Defendants failed to provide discovery responses or produce responsive documents at that time.

      Between October 31 and November 15, Defendants represented on several occasions that they were compiling the information and that Plaintiffs would shortly be receiving their production. On November 15, Plaintiffs' counsel and counsel for Defendants met and conferred telephonically. During the conversation, defense counsel assured Plaintiffs' counsel that the production would be received the following day. On November 17, having not received any of the promised production, Plaintiffs' counsel circulated a draft joint letter raising a dispute about Defendants' failure to respond or produce any documents, asking defense counsel to provide Defendants' contribution by November 20, 2023. On November 21, without responding to Plaintiffs' request to provide Defendants' contribution to the letter, Defendants served

approximately 700 pages consisting of payroll and time records for only two class members: Named Plaintiffs Angel Ortega and Jorge Navarro.

Having not received any response from Defendants as to the joint letter, Plaintiffs filed the letter one-sided in accordance with this Court's individual rules. *See* ECF No. 62. Plaintiffs sought an order: (1) compelling Defendants to produce all documents responsive to Plaintiffs' document requests; (2) compelling Defendants serve responses to Plaintiffs' interrogatories; and (3) finding that Defendants waived any objections to Plaintiffs' document requests and interrogatories. *See* ECF No. 62. On November 22, the Court ordered Defendants to respond to Plaintiffs' letter by November 27. *See* ECF No. 63.

On November 27, Defendants produced what appear to be payroll records for six of the ten opt-in Plaintiffs. They also filed a letter in which they represented they were drafting their responses to the interrogatories and "compiling the records for the remaining four Plaintiffs." ECF No. 64. By Order entered on November 28, this Court ordered Defendants to "produce all outstanding class-wide documents responsive to Plaintiffs' document requests and all responses to Plaintiffs' interrogatories by December 8, 2023." ECF No. 65 (November 28 Order).

On December 8, 2023, Defendants produced: (1) payroll records for four opt-in Plaintiffs; and (2) responses to Plaintiffs' interrogatories. Defendants have failed to serve responses to Plaintiffs' document requests. Aside from the Named and opt-in Plaintiffs, Defendants have failed to produce any documents responsive to Plaintiffs' document requests seeking wage and hour documents for the putative class members. *See* Ex. A at Requests 3, 5, 7, 9, 11. Moreover, Defendants have redacted information from the documents they have produced that (a) is responsive to Plaintiffs' document requests; and (b) was ordered to be produced in the Court's November 28 Order. For example, Defendants have clearly redacted from the time records they produced information for other class members who are not the Named or Opt-in Plaintiffs. *See, e.g.*, Ex. C (Sample Redacted Time Records). In addition, aside from the time and payroll records they have produced for the 12 Named and Opt-in Plaintiffs, Defendants have failed to produce *any* documents responsive to numerous other requests, including:

- Requests seeking all wage notices and wage statements provided to Plaintiffs and Class Members, which are central to Plaintiffs' fifth cause of action for violations of New York's wage statement and wage notice requirements. *See* Ex. A at Requests 12-15.
- Requests seeking the number, identities, dates of employment, and job titles of all Class Members. *Id.* at Requests 16-17.
- Requests seeking documents concerning the relationship(s) between the various entity Defendants, the ownership and management of the entity Defendants, where each entity Defendant provided services during the Liability Period, the number of Class Members who worked for each entity Defendant, whether employees worked for more than one Entity Defendant, and the compensation policies of each entity Defendant. *Id.* at Requests 20-41.
- Requests seeking documents concerning the role and responsibilities of the Individual Defendants with respect to the Entity Defendants. *Id.* at Requests 42-52, 56.

- Requests seeking documents concerning each Entity Defendant's revenue and value of services rendered. *Id.* at Requests 53-55.
- Requests seeking documents concerning the job titles, dates of employment, employers, and job duties of individuals identified in response to Plaintiffs' Interrogatories. *Id.* at Requests 71-84.
- Requests seeking documents reflecting efforts Defendants undertook to determine the legality of their pay practices. *Id.* at Requests 64-67.

As may be seen, Defendants have repeatedly flouted this Court's Orders and have utterly failed to comply with their most basic discovery responsibilities. This Court clearly granted Plaintiffs permission to conduct pre-certification class-wide discovery in August, and then directly ordered Defendants to produce "all outstanding *class-wide* documents responsive to Plaintiffs' document requests" on November 28. *See* ECF Nos. 56, 65 (emphasis added). Defendants have simply ignored these directives. In addition, again flouting this Court's November 28 Order to produce all outstanding documents responsive to Plaintiffs' requests, Defendants failed to produce *any* documents responsive to Plaintiffs' document requests aside from time and payroll records for the twelve Named and Opt-in Plaintiffs. The other documents Plaintiffs requested are central to: (a) whether the Entity Defendants operate as a single integrated enterprise; (b) the number of Class Members for numerosity purposes; (c) whether Plaintiffs' claims are common to, and typical of, the Class for class certification purposes; (d) the individual liability of the Individual Defendants under the FLSA/NYLL; (e) Defendants' liability for wage notice/wage statement violations under N.Y. Lab. Law § 195; and (f) Defendants' liability for liquidated damages under the FLSA/NYLL.

Under Fed. R. Civ. P. 37(b)(2)(A), a court may sanction a party that fails to comply with a discovery order. As Defendants have clearly failed to produce "all outstanding class-wide documents responsive Plaintiffs' documents requests," they have failed to comply with the Court's November 28, 2023 Order, and sanctions are appropriate. Plaintiffs seek several sanctions. First, Defendants should be deemed to have waived any objections to Plaintiff's discovery requests by failing to raise any such objections in a timely manner. *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 2023 U.S. Dist. LEXIS 23983, at *7-8 (E.D.N.Y. Feb. 10, 2023) ("It is well settled that a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." (cleaned up and citing numerous cases from courts in this Circuit)).

Second, as many of the discovery requests seek information and documents necessary for Plaintiffs' class certification motion, and because this Court has set a discovery deadline of January 5, 2024 for completion of class discovery (*see* ECF No. 59), Defendants' failure to comply and dilatory conduct is directly prejudicing Plaintiffs' ability to complete discovery and meet this Court's deadlines. To be clear, the very reason why this Court authorized pre-certification discovery of class-wide wage and hour and compensation documents was because such discovery is directly tied to the determination of whether the Rule 23 class certification requirements have been met. *See* ECF No. 56 at 2-3. By withholding such discovery, Defendants are directly impeding Plaintiffs' ability to make that determination. And their failure to comply with this Court's directive to produce all outstanding class-wide discovery by December 8 has made it virtually impossible for the parties to be able to complete class fact discovery by the Court's January 5 deadline.

3

In light of the above, and to ensure Defendants' prompt compliance, they should be warned that a daily monetary sanction will be imposed for each day of continued noncompliance unless they produce all outstanding documents responsive to Plaintiffs' document requests by a date certain. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (authorizing contempt sanctions for failure to comply with discovery order); *New York State NOW v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989) (setting forth the three factors a court must consider before imposing coercive civil contempt sanctions). Given Defendants' clear non-compliant and dilatory behavior, Plaintiffs respectfully request the imposition of at least a $250 daily fine unless Defendants comply with the Court's November 28 Order by producing all documents responsive to Plaintiffs' requests by December 29, 2023. *See, e.g.*, *Bricklayers Ins. & Welfare Fund v. P.P.L. Constr. Servs. Corp.*, 2016 U.S. Dist. LEXIS 45265, at *23-24 (E.D.N.Y. Mar. 31, 2016) (authorizing a $250 daily fine for failure to comply with discovery order).

Third, Plaintiffs seek their attorneys' fees incurred in seeking to compel Defendants to respond to their discovery responses and in seeking sanctions. The presumptively reasonable fee award under Rule 37 is the reasonable hourly rate times the number of hours reasonably expended. *Local 3621, EMS Officers Union v. City of N.Y.*, 2022 U.S. Dist. LEXIS 50226, at *8 (S.D.N.Y. Mar. 21, 2022).  As Plaintiffs' counsel may expend additional time in connection with this motion – such as, for example, if the Court holds a conference to address this motion – Plaintiffs respectfully request that they be permitted to file a letter motion for fees after the resolution of this motion.

Finally, Plaintiffs respectfully request that the Court again order Defendants to respond *in full* to Plaintiff's discovery requests and produce *all* responsive documents within two weeks and warn Defendants that continued noncompliance with the Court's Orders may result in further sanctions, which may include striking Defendants' Answer and/or entry of a default against Defendant. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi) (authorizing such sanctions); *cf. Metro Found. Contrs., Inc. v. Arch Ins. Co.*, 551 F. App'x 607, 609 (2d Cir. 2014) (whether a party has been warned "that noncompliance would be sanctioned" is a factor in evaluating the appropriateness of a severe sanction). Plaintiffs note that the resulting deadline of December 29, 2023 would be three full months from the day that Plaintiffs served their discovery requests.

We thank the Court for its attention to this matter.

Regards,

_/s/Lucas C. Buzzard_____
Lucas C. Buzzard

Defendants are ordered to file a letter in response to this letter motion by **December 20, 2023**.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

4

Dated: December 18, 2023
        New York, New York